```
          IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

MOUNTAIN VALLEY PIPELINE, LLC

    Plaintiff,

v.                              CIVIL ACTION NO. 5:15-03858

KENNETH DOSIER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to lift the stay in this case for the limited purpose of requesting an order of publication as to certain defendants or, in the alternative, an additional sixty days to serve these defendants after the bankruptcy stay is lifted. (Doc. No. 96). Plaintiff represents that it has taken considerable steps to serve four defendants in this case, but has been unable to do so. These defendants include: Barry C. Pallay, Hilry Gordon, Linda E. Harrington, and Caitlyn A. Gragg. Id. at 1-2. For the reasons that follow, plaintiff's motion is **GRANTED in part** and **DENIED in part**.

On August 5, 2015, defendant Green Valley Coal Company filed a notice of suggestion of pendency of bankruptcy. (Doc. No. 94). The notice stated that Alpha Natural Resources, Inc. and certain of its direct and indirect subsidiaries, including defendant Green Valley Coal Company, filed voluntary petitions for relief in the United States Bankruptcy Court for the Eastern

District of Virginia. Id. Pursuant to the automatic stay provision imposed by Section 362 of the Bankruptcy Code, the court ordered that all proceedings in this case be stayed until resolution of the bankruptcy claim of defendant Green Valley Coal Company. (Doc. No. 95).

The automatic stay provision of Section 362 immediately protects a debtor who is engaged in other litigation.

> Section 362(a)(1) of Chapter 11 of the Bankruptcy Code stays the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

Kreisler v. Goldberg, 478 F.3d 209, 213 (4th Cir. 2007) (quoting 11 U.S.C. § 362(a)(1)) (internal quotation marks omitted). Upon imposition of the automatic stay, "[o]nly the bankruptcy court with jurisdiction over the case has the authority to grant relief from the stay of judicial proceedings against the debtor." Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) (internal citations omitted). "Once a stay is in effect, without relief from the bankruptcy court, the parties themselves cannot validly undertake any judicial action material to the . . . claim against the debtor." Constitution Bank v. Tubbs, 68 F.3d 685, 692 (3d Cir. 1995) (internal quotations omitted).

In this case, plaintiff does not state whether it has moved the bankruptcy court for relief from the automatic stay. Plaintiff has not indicated, either, whether the relief it seeks in this court could have adverse effects upon the interests of the debtor, defendant Green Valley Coal Company, or whether this requested judicial action is material to the claim against the debtor. As a result, the court finds that it does not have jurisdiction to grant relief from the automatic stay.

However, plaintiff has demonstrated good cause for an additional sixty days to serve these four defendants. Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 120 days from the filing of the complaint or face dismissal of the action.[1] But, "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In this case, plaintiff has taken a number of steps to serve each of these four defendants, including attempts made by private process servers and the Sheriff's Office. Because plaintiff has undertaken due diligence in an attempt to serve

---

[1] Recent amendments to the Federal Rules of Civil Procedure reduced the time for service from 120 days to 90 days. However, at the time that plaintiff initiated this action and at the time the instant motion was filed, the time for service was still 120 days.

these defendants, Rule 4(m) provides that the court must extend the time for service.

Accordingly, the court **DENIES** plaintiff's motion to lift the stay in this case to serve the four remaining defendants, but **GRANTS** plaintiff an additional sixty days to serve the four defendants after resolution of the bankruptcy action involving defendant Green Valley Coal Company. The Clerk is directed to send copies of this Order to counsel of record and to any unrepresented party.

**IT IS SO ORDERED** this 24th day of February, 2016.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge